```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────
DR. J. DAVID GOLUB,

              Plaintiffs,         19-cv-10309 (JGK)

    - against -                     **MEMORANDUM**
                                           **OPINION AND ORDER**
BERDON LLP,

              Defendant.
─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff, Dr. J. David Golub, brings this action against Berdon LLP ("Berdon") alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., and various state law violations arising from the termination of Golub's employment at Berdon. Berdon now moves dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Berdon also requests that the Court sanction Golub under its inherent authority. Golub moves for sanctions against Berdon pursuant to Federal Rule of Civil Procedure 11, as well as to strike certain filings, to admit three appendices into evidence, and to compel discovery.

    For the reasons explained below, the motion to dismiss is **granted** and all other requests for relief are **denied.**

I

The following facts are drawn from the Amended Complaint ("Compl.") and are accepted as true for the purposes of this motion.

Golub, a "resident of New Jersey and South Carolina," worked as a tax accountant at Berdon, a limited-liability partnership focused on audit, tax, and consulting services; Berdon is alleged to "reside" in New York. Compl. ¶¶ 1, 5, 7, 9. Berdon engaged Golub initially as a consultant from July 2017 to March 2018 to facilitate a merger with another accounting firm, and then as an employee pursuant to a contract until his termination in July 2018. Id. ¶ 12. At the time of his discharge, Golub was over the age of 40 and had over 40 years of experience in accounting. Id. ¶ 2, 28.

In July 2018, Golub complained to Berdon's managing tax partner about alleged professional misconduct of a colleague, B.S. Id. ¶¶ 12, 20-26. In particular, Golub alleged that B.S. submitted fraudulent filings to the Internal Revenue Service ("IRS") and state government agencies. Id. ¶ 28. Shortly thereafter, Berdon terminated Golub's employment. Id. ¶ 19. When Golub asked for the grounds for the termination, Berdon's managing tax partner stated that he heard a recording of Golub reprimanding B.S. using abusive language, and another employee

2

stated that there was "an office cultural divide or disconnect and that [Golub] was not a 'team player.'" Id.

Golub alleges that Berdon ignored the issues he raised about B.S. and terminated Golub instead of investigating B.S., a younger, less experienced employee. Golub alleges that this amounted to a retaliatory discharge in violation of the ADEA. Id. ¶ 28. Golub further alleges that his termination violated the anti-retaliation provisions of the FCA, as well as New York and New Jersey whistleblowers laws. Id. ¶ 30. Lastly, Golub asserts state law claims of a breach of the covenant of good faith and fair dealing and breach of contract. Golub is seeking compensatory damages of $2,250,000 and punitive damages of $1,000,000. Id. at 20-22.

## II

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).[1] The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

3

1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Yajaira Bezares C. v. The Donna Karan Co. Store LLC, No. 13-cv-8560, 2014 WL 2134600, at *1 (S.D.N.Y. May 22, 2014).

### III

#### A

Berdon argues that the ADEA claim should be dismissed because there is no plausible connection between Golub's age and his discharge. While Berdon treats Golub's ADEA claim as a status-based claim of age discrimination, the complaint and the plaintiff's papers refers to both Golub's age-based status and retaliation, and the Court thus construes the claim as both a status-based claim and a retaliation claim under the ADEA.

The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "In order to establish a prima facie case of age discrimination, the plaintiff must show (1) that [the plaintiff] was within the protected age group, (2) that [the plaintiff] was

5

qualified for the position, (3) that [the plaintiff] experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." Green v. Town of E. Haven, 952 F.3d 394, 403 (2d Cir. 2020). In particular, "a plaintiff alleging age discrimination under the Age Discrimination in Employment Act must allege that age was the 'but-for' cause of the employer's adverse action." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015) (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009)); see also Lively v. WAFRA Inv. Advisory Grp., Inc., No. 19-CV-3257, 2020 WL 4038350, at *4 (S.D.N.Y. July 17, 2020).

Here, Golub failed to allege a plausible case of age discrimination. There's no question that Golub was within the protected age group, qualified for his position, and that he experienced an adverse employment action. However, the allegations in the complaint do not support an inference of discrimination, let alone that age was a but-for cause of the adverse employment action. Indeed, the only age-related allegation in the complaint is that Golub was older than another employee who was not terminated. But the complaint does not demonstrate any causal nexus between Golub's age and the termination. If anything, the complaint demonstrates that even Golub does not attribute his termination to age but rather to

6

his reporting of the purported misconduct of a colleague who happened to be younger than Golub. See, e.g., Compl. ¶ 10 (alleging that the contract was terminated "in retaliation for disclosing to the Berdon managing tax partner, audit and tax malpractice and fraud committed by a Berdon employee-audit principal"); ¶ 26 (stating that the reason proffered for Golub's termination was "code for the concept that [Golub] did not participate in a cover-up" and that "[t]he timing of the employment discharge is no coincidence" because Golub was "terminated three days after B.S. completed his coverup of accounting and tax fraud"); ¶ 28 ("[Golub] presented these issues to the audit principal, B.S., one week prior to his termination."). Accordingly, the complaint fails to allege age-based discrimination in violation of the ADEA. See Lively, 2020 WL 4038350, at *4 (dismissing an ADEA claim for failure to allege but-for causation); Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc., No. 19-CV-6034, 2019 WL 6916099, at *5 (S.D.N.Y. Dec. 19, 2019) (same).

In addition to a status-based claim, a plaintiff may bring a retaliation claim under the ADEA. The ADEA provides that it is "unlawful for an employer to discriminate against any of his employees . . . because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or . . . made a charge, testified, assisted, or

7

participated in any manner in an investigation, proceeding, or litigation under this Act." 29 U.S.C. § 623(d). "To state a claim for retaliation in violation of the ADEA, a plaintiff must plead facts that would tend to show that (1) [plaintiff] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [plaintiff]; and (3) there exists a causal connection between the protected activity and the adverse action." Mabry v. Neighborhood Def. Serv., 769 F. Supp. 2d 381, 397 (S.D.N.Y. 2011) (citing Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007)). "As to the protected activity element . . . the plaintiff need[s to] have had a good faith, reasonable belief that he was opposing an employment practice made unlawful" by the ADEA. Kessler v. Westchester Cty. Dep't of Soc. Servs., 461 F.3d 199, 210 (2d Cir. 2006).

In this case, Golub's ADEA claim cannot survive as a retaliation claim. To the extent the complaint alleges retaliation, it was alleged to have occurred due to Golub's reporting of his colleague's professional misconduct and not because Golub opposed any unlawful employment practice. Because the complaint contains no reference to Golub participating in any activity protected by the ADEA, he could not have been retaliated against within the meaning of the ADEA.

Accordingly, the ADEA claim is **dismissed** without prejudice.

B

Berdon argues that the retaliation claim under the FCA should be dismissed because Golub did not engage in a protected activity under the FCA.

In Section 3730(h), the FCA provides that "[a]ny employee . . . shall be entitled to all relief necessary to make that employee . . . whole, if that employee . . . is discharged . . . because of lawful acts done by the employee . . . in furtherance of an action under [the FCA] or other efforts to stop 1 or more violations of [the FCA]." 31 U.S.C. § 3730(h). A viable claim seeking such relief must show that "(1) [the employee] engaged in activity protected under the statute, (2) the employer was aware of such activity, and (3) the employer took adverse action against [the employee] because he engaged in the protected activity." United States ex rel. Chorches v. Am. Med. Response, Inc., 865 F.3d 71, 95 (2d Cir. 2017).

Here, Golub alleged that, prior to his termination, he complained of another Berdon professional submitting fraudulent filings to the Internal Revenue Service ("IRS") and state government agencies. However, Golub does not show that his activity is protected under the FCA by virtue of either "further[ing] an action under [the FCA]" or "other efforts to stop 1 or more violations" of the FCA. 31 U.S.C. § 3730(h). While an actual FCA violation is not a prerequisite for a

9

retaliation claim, the plaintiff is "required to show a good faith basis, or objectively reasonable basis, for believing that he or she was investigating matters in support of a viable FCA case." Weslowski v. Zugibe, 14 F. Supp. 3d 295, 311 (S.D.N.Y. 2014). The complaint does show how the alleged tax fraud could have supported a viable FCA case or that Golub had a good faith basis for believing so at the time.

Furthermore, it is difficult to see how Golub could ever demonstrate that his reporting was done in support of a viable FCA case. Pursuant to Section 3729(d), tax-related fraud is expressly excluded from the scope of the FCA. See 31 U.S.C. § 3729(d) ("This section does not apply to claims, records, or statements made under the Internal Revenue Code of 1986."); Hardin v. Scandinavia, 731 F. Supp. 1202, 1204 (S.D.N.Y. 1990) ("[I]ncome tax cases are not within the scope of § 3729."); see also United States ex rel. Lissack v. Sakura Glob. Capital Mkts., Inc., 377 F.3d 145, 157 (2d Cir. 2004) (clarifying that FCA claims that depend on establishing a violation of the tax code, even when not directly seeking to recover federal taxes, are barred by § 3729(d)). And because tax fraud is expressly excluded from the scope of the FCA, it is implausible that Golub's activity was an effort to stop the violation of the FCA and thus a protected activity.

Accordingly, the retaliation claim under the FCA is **dismissed** without prejudice.

## IV

With respect to the remaining claims, all brought under various state laws, unless the Court finds that it has diversity jurisdiction, the Court must determine whether to exercise supplemental jurisdiction.

On questions of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). With regards to jurisdictional facts, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. See Anglo-Iberia Underwriting Mgmt. Co. v. P.T. Jamsostek (Persero), 600 F.3d 171, 175 (2d Cir. 2010); APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by the body of decisional law that has developed under Federal Rule of Civil Procedure 56. Kamen, 791 F.2d at 1011.

Pursuant to 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over state law claims when the amount in controversy exceeds the sum or value of $75,000 and there is

complete diversity of citizenship among the parties. See Wash. Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 133 (2d Cir. 2020). Diversity of citizenship "does not exist unless each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998). Domicile is a person's fixed home and principal establishment, and to which, whenever he is absent, the person intends to return. Id.

Alternatively, pursuant to 28 U.S.C. § 1367, federal courts can exercise supplemental subject matter jurisdiction over state law claims that derive from the same "common nucleus of operative fact" as the federal claims brought in the same action. Briarpatch Ltd., L.P. v. Phx. Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004). However, once the Court dismisses the federal claims, the Court may decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3); Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

Although the complaint alleges complete diversity in a conclusory fashion, the Court cannot ascertain from the facts alleged whether complete diversity exists. First, Golub states that he is a resident of New Jersey and South Carolina. However, "a statement of residence, unlike domicile, tells the court only

12

where the parties are living and not of which state they are citizens." John Birch Soc'y v. Nat'l Broad. Co., 377 F.2d 194, 199 (2d Cir. 1967). Furthermore, "[a]t any one time, a party can have multiple residences but only one domicile." Galu v. Attias, 923 F. Supp. 590, 595 (S.D.N.Y. 1996). As such, Golub can only be a citizen of either New Jersey or South Carolina, but not both.

With respect to Berdon, the complain alleges that the company is a "resident" of New York. However, as a limited liability partnership, Berdon inherits the citizenship of all its members. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). The complaint is silent on the citizenship of Berdon's members and the Court has no basis to conclude that they are all citizens of New York. Accordingly, it is not clear that the Court has diversity jurisdiction over the state law claims.

In the absence of diversity jurisdiction, because the Court has dismissed the federal claims brought in this action, it may decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity' in deciding whether to exercise jurisdiction." Kolari, 455 F.3d at 122 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law

13

claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7. This is plainly the case here. After dismissing the federal claims, the Court's duty would be limited to considering state law claims. Such "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Furthermore, the pre-discovery stage of the litigation means that the factors of judicial economy, convenience, fairness, and comity point toward declining supplemental jurisdiction. See Page v. Oath Inc., No. 17-cv-6990, 2018 WL 1406621, at *4 (S.D.N.Y. Mar. 20, 2018), aff'd sub nom, Page v. United States Agency for Glob. Media, 797 F. App'x 550 (2d Cir. 2019).

Accordingly, the state law claims are **dismissed** without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss is **granted** without prejudice. The plaintiff may file a motion to file an amended complaint together with a

14

copy of the proposed amended complaint and an explanation why such filing is not futile. The motion must be filed within thirty (30) days of the date of this Memorandum Opinion and Order. If the plaintiff fails to move to file an amended complaint within that time, the claims will be dismissed with prejudice. The Clerk is directed to close Docket No. 47.

Furthermore, the Court denies all of the requests for ancillary relief. The actions by both sides are not so egregious as to warrant imposition of sanctions, and the plaintiff has not complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. There is no basis to strike any documents submitted because the Court has not relied on them, nor is there a basis to admit specifically the appendices to the plaintiff's complaint. The appendices were submitted with the complaint and that is sufficient to put them in the record. There is no basis for discovery at this point.

The Clerk is directed to mail of copy of this Memorandum Opinion and Order to the pro se plaintiff.

**SO ORDERED.**

**Dated:    New York, New York
          February 17, 2021**              /s/ John G. Koeltl
                                             John G. Koeltl
                                    **United States District Judge**