```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――

DR. J. DAVID GOLUB,

                Plaintiff,

   - against -

BERDON LLP,

                Defendant.

―――――――――――――――――――――――――――――

19-cv-10309 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff, Dr. J. David Golub, brought this action against the defendant, Berdon LLP ("Berdon"), alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., the Taxpayer First Act ("TFA"), and various state law claims arising out of the termination of the plaintiff's employment at Berdon.

    Initially, the Court dismissed the federal claims under the ADEA and the FCA without prejudice and determined that it was unclear whether there was diversity of citizenship jurisdiction to consider the state law claims. Golub v. Berdon LLP, No. 19-cv-10309, 2021 WL 637974, at *4-5 (S.D.N.Y. Feb. 17, 2021).

    Subsequently, the plaintiff filed a Second Amended Complaint, ECF No. 76, repleading only the ADEA claim and a claim under the TFA as well as state law claims. The Court dismissed both the ADEA claim and the TFA claim with prejudice.

Golub v. Berdon LLP, No. 19-cv-10309, 2022 WL 1228025, at *6 (S.D.N.Y. Apr. 26, 2022). Again, the Court could not determine from the filings whether there was diversity of citizenship jurisdiction to consider the remaining state law claims. However, the Court determined that, if diversity of citizenship jurisdiction was lacking, it would not consider the state law claims pursuant to supplemental jurisdiction because, in the usual case where federal claims are dismissed before trial, the balance of factors pointed toward declining to exercise supplemental jurisdiction over the remaining state law claims. The Court noted that this case had not progressed beyond the pleading stage and no discovery had been commenced. See id. at *5. The Court therefore scheduled an evidentiary hearing to determine if there was diversity of citizenship jurisdiction, at the time this action was filed, to consider the state law claims.

On October 12, 2022, this Court held an evidentiary hearing regarding the plaintiff's citizenship at the time that the plaintiff filed this action in order to determine whether the Court has diversity of citizenship jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332. ECF No. 123. On the basis of testimony elicited at the evidentiary hearing, as well as the parties' exhibits, the Court finds that complete diversity did not exist on November 4, 2019, the date on which

this action was filed. The Court previously determined that if diversity of citizenship jurisdiction was lacking it would not exercise supplemental jurisdiction over the state law claims. Therefore, the state law claims are **dismissed without prejudice** for lack of subject-matter jurisdiction.

I.

Having considered all of the evidence and evaluated the plaintiff's credibility, the Court makes the following findings of fact.

The plaintiff, Dr. Golub, has maintained multiple residences over the past several years, having owned property in several states including in New York, New Jersey, South Carolina, and Florida. The plaintiff claims that, at the time this action was filed on November 4, 2019, he was domiciled in South Carolina.

In support of the plaintiff's contention that he was domiciled in South Carolina, the plaintiff states that he purchased a house in South Carolina in 2015, which he took possession of in January 2016. Evidentiary Hr'g Tr., ECF No. 123, at 25:12-13. The plaintiff and his wife "spent several months" in South Carolina, before returning to live in New Jersey while working in New York. Id. at 25:18-22; id. at 26:16-21. Sometime around March or April, 2016, the plaintiff and his wife returned to live in New Jersey, and they began to rent out

3

their South Carolina property. Id. at 26:10. After that time, the South Carolina property has been continuously rented out, and the plaintiff has not lived there. Id. at 26:11-13, 34:22-35:1. On October 21, 2021, the plaintiff also purchased property in Florida, and the plaintiff has "consider[ed]" making Florida his domicile. Id. at 14:8, 23:22-24:16.

The most recent lease on the plaintiff's South Carolina property expired on October 31, 2022. When asked what the plaintiff's intention with the South Carolina property would be after the expiration of that lease, the plaintiff responded: "My wife and I are in the process of deciding that. We haven't made a final decision on that. We believe that we're going to return and make that our retirement home, but we're not sure yet." Id. at 35:6-9.

When the plaintiff filed the current action in November 2019, the plaintiff's residence that he would "go home to with regularity" was located in New Jersey. Id. at 30:23-31:4. At that time, the plaintiff's wife worked in a hospital in New Jersey. Id. at 30:5-6. From January 2016 through January 2022, the plaintiff and his wife "remained in their New Jersey residence . . . because of employment considerations." Id. at 40:4-8. During that time period, the plaintiff worked in New York for the defendant, Berdon, and commuted to New York from

4

New Jersey. Id. at 40:2-16. The plaintiff's house in South Carolina was rented out at that time. Id. at 30:12-15.

The plaintiff's driver's license was issued in New Jersey, and the plaintiff's motor vehicles were registered in New Jersey. Id. at 28:6-12. The plaintiff has been listed on New Jersey's voting records, id. at 21:19, as well as on voting records in New York, id. at 20:25-21:5. The plaintiff has not registered to vote in South Carolina. Id. at 28:20-23. In 2019, the plaintiff did not work in South Carolina. Id. at 29:18-22. And, on the date this action was filed, the plaintiff's doctor was located in New Jersey and the plaintiff's dentist was located in New York. Id. at 29:23-25, 30:9-11.

## II.

28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Diversity of citizenship jurisdiction requires complete diversity of citizenship between the plaintiffs and defendants, meaning that each defendant must be a citizen of a different state from each plaintiff. See

5

Strawbridge v. Curtiss, 7 U.S. 267 (1806).[1] "In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." Universal Licensing Corp. v. Paola Del Lungo, S.P.A., 293 F.3d 579, 581 (2d Cir. 2002). In this case, the plaintiff bears the burden of showing diversity of citizenship. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998). Domicile is a person's fixed home and principal establishment to which, whenever that person is absent, the person intends to return. Id. "At any one time, a party can have multiple residences but only one domicile." Galu v. Attias, 923 F. Supp. 590, 595 (S.D.N.Y. 1996). A limited liability partnership inherits the citizenship of all its members. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).

Factors to consider when determining a party's domicile "include current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches,

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

6

and other associations, places of employment or business, and payment of taxes." Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009). "Courts also consider whether a person owns or rents his place of residence, the nature of the residence . . . and the location of a person's physician, lawyer, accountant, dentist, [and] stockbroker," but, ultimately, "[n]o single factor is determinative." Id.

The plaintiff filed this action on November 4, 2019. ECF No. 1. The parties do not dispute that the defendant limited liability partnership is a citizen of both New York and New Jersey, based on the citizenship of its members. Accordingly, to establish diversity between the parties, the plaintiff must not have been a citizen of New York or New Jersey on November 4, 2019. Blatt Aff., ECF No. 119-2, ¶ 2; Evidentiary Hr'g Tr. at 44:14-19.

The plaintiff claims that he was domiciled in South Carolina on November 4, 2019, when this action was brought, satisfying complete diversity. However, no evidence shows that the plaintiff had made South Carolina his domicile in 2016 nor manifested an intention to remain there. See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) ("A party alleging that there has been a change of domicile has the burden of proving . . . intent to give up the old and take up the new domicile, coupled with an actual acquisition of residence in the

7

new locality."). Although the plaintiff acquired property in South Carolina in 2016, he has not made it his residence; the plaintiff and his wife lived in their South Carolina property for only a short few months beginning in January 2016, several years before this action commenced, before they began to rent that property out. After that time, the property has been continuously rented out, and the plaintiff has not lived there. The plaintiff has also expressed uncertainty regarding his intentions with the South Carolina property, stating that he hasn't "made a final decision" with respect to what he intends to do with the property after the end of its most recent tenancy, and that the plaintiff and his wife are "not sure yet" whether they will "return and make [the South Carolina property] our retirement home." Evidentiary Hr'g Tr. at 35:6-9. Moreover, in October 2021, the plaintiff purchased property in Florida and has considered making Florida his domicile. Id. at 14:8, 23:22-24:16.

The plaintiff argues that when he purchased the South Carolina property in 2016, he no longer sought to maintain his domicile in New York and instead intended to make South Carolina his domicile. Id. at 17:24-18:3; see also Domicile Aff., ECF No. 118-1, at 2. The plaintiff argues primarily that, in 2016, when he purchased the property in South Carolina, he was evicted from his residence on Staten Island, New York, and became a citizen

8

and domiciliary of South Carolina as a result of that eviction. In another litigation filed in the Eastern District of New York, the plaintiff submitted an affidavit in order to establish his domicile in South Carolina for diversity of citizenship purposes, and declared that "after being illegally ejected and ousted . . . from my primary home, residence, domicile, and principal place of abode [on Staten Island] on November 30, 2016, I closed on a new home . . . in Charleston, Summerville, South Carolina, which is now declared as my permanent home, residence, and principal place of abode and domicile, effective January 1, 2016." ECF No. 118 at 23; Golub v. Swaaley, No. 16-cv-5386, ECF No. 20 (E.D.N.Y. filed Oct. 3, 2017).[2]

"To effect a change of domicile, two things are indispensable: First, residence in a new domicil[e]; and, second, the intention to remain there." Palazzo ex rel. Delmage, 232 F.3d at 42. Because the plaintiff is the "party alleging that there has been a change of domicile," the plaintiff bears the burden of "proving the required . . . intent to give up the old and take up the new domicile, coupled with an actual

---

[2] The district court in the Eastern District litigation did not decide whether the plaintiff was domiciled in South Carolina in 2016, because "even if [the plaintiff] could establish diversity of citizenship as a basis for the Court's jurisdiction, probate matters are excepted from the scope of federal diversity jurisdiction." Golub v. Swaaley, No. 16-cv-5386, 2018 WL 4636808, at *1 (E.D.N.Y. Sep. 26, 2018).

9

acquisition of a residence in the new locality, and must prove those facts by clear and convincing evidence." Id.

In this case, the facts do not support the plaintiff's contention that he became domiciled in South Carolina in 2016. The plaintiff has adduced no facts establishing that he established a new domicile in South Carolina with the intent to remain there. While the plaintiff in 2016 may have lost his residence on Staten Island, the plaintiff continued to have a residence in New Jersey,[3] which the plaintiff has declared that he has actively lived in over the course of 2016 to 2022. ECF No. 120 at 14 ("From January 2016 to January 2022, [the plaintiff and his wife] remained in their New Jersey residence . . . because of employment considerations."). The plaintiff never established the indicia of domicile in South Carolina demonstrating his intent to return there as his "principal establishment" to which, whenever he was absent, he intended to return. Linardos, 157 F.3d at 948. Indeed, after an initial stay of about 3 months in early January 2016, the plaintiff has never returned to South Carolina to reside there and is uncertain now whether he will return to South Carolina.

---

[3] When the plaintiff first filed this case, he alleged in the complaint that he "[was] a resident of New Jersey and South Carolina." Compl., ECF No. 1, at 3.

10

The plaintiff's "simple statement" in his affidavit submitted to the Eastern District of New York that he became a domiciliary of South Carolina after he was evicted from his Staten Island home is insufficient to establish domicile "without a showing of his intention to return to and remain in" South Carolina. Vargas v. Person, No. 13-cv-4699, 2014 WL 1054021, at *3 (S.D.N.Y. Mar. 17, 2014). The plaintiff has not shown by "clear and convincing evidence," that he intended, in 2016, or in November 2019, to return to and remain in South Carolina. Palazzo ex rel. Delmage, 232 F.3d at 42. Even at this time, plaintiff has only stated that he has not "made a final decision" with respect to the South Carolina property and is "not sure yet" whether he and his wife will "return and make [the South Carolina property] our retirement home." Evidentiary Hr'g Tr. at 35:6-9. These uncertain terms do not indicate the plaintiff's intention to return to, and remain in, South Carolina. And, in 2019, the plaintiff had not manifested such an intent to return to, and remain in, South Carolina.[4] Instead, the plaintiff admits that, in 2019, he would "go home [] with regularity" to his New Jersey residence. Id. at 30:23-31:4. The

---

[4] The plaintiff also states that, in 2019, his South Carolina home was rented out to a third party. See Evidentiary Hr'g Tr. at 32:12-33:24. Accordingly, the plaintiff could not have resided in his South Carolina home at that time, because other people were living in that house.

11

plaintiff's "unimplemented intent," Linardos, 157 F.3d at 948, to move to South Carolina is insufficient to support the plaintiff's contention that he is a domiciliary of South Carolina.

Furthermore, despite the plaintiff's protestation that he considers South Carolina his domicile, Evidentiary Hr'g Tr. at 28:3-5, no other objective factor supports the plaintiff's contention. The plaintiff's driver's license was issued in New Jersey, and the plaintiff's motor vehicles are registered in New Jersey. The plaintiff has never been registered to vote in South Carolina, nor has the plaintiff ever held employment in South Carolina. The plaintiff has attended religious services in New York and New Jersey, but never in South Carolina. Id. at 28:24-29:2. The plaintiff's doctor was located in New York, and his dentist in New Jersey. Finally, the plaintiff's current residence is in New Jersey. In short, no factors support the plaintiff's contention that he is a domiciliary of South Carolina.

The relevant factors indicate that the plaintiff was a domiciliary of New Jersey at the time this lawsuit was commenced. Based on the relevant factors to determine domicile, see, e.g., Kennedy, 633 F. Supp. at 81, the evidence establishes by more than a preponderance of the evidence that the plaintiff was domiciled in New Jersey when this action was filed. At that

12

time, the plaintiff would "go home [] with regularity," Evidentiary Hr'g Tr. at 30:23-31:4, to his New Jersey home. Moreover, the plaintiff in 2019 was never physically present in his South Carolina home. Finally, the plaintiff has significant ties with New Jersey, with the state being the location of his doctor, his voting registration, his motor vehicles, his driver's license, and where he has attended religious services.

In short, the plaintiff has not established that, in 2016, he changed his domicile to South Carolina, or that in 2019, when this action was filed, he was domiciled in South Carolina. At those times, the plaintiff continued to maintain and live in his New Jersey residence, and all of the relevant indicia of citizenship point to New Jersey as the plaintiff's domicile. While the plaintiff purchased property in South Carolina in 2016, there is no credible evidence that the plaintiff intended to return to his South Carolina residence whenever he was absent. In fact, the evidence undermines that contention, because the plaintiff has continually rented out his South Carolina property to others ever since the plaintiff purchased the property in 2016, has continually resided in his New Jersey home after purchasing the South Carolina property in 2016, and has still expressed uncertainty as to whether he intends to retire in South Carolina or to his newly-purchased home in Florida. Accordingly, the plaintiff was domiciled in New Jersey

13

at the time this action was filed, defeating diversity of citizenship jurisdiction in this case.

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. At the time this action was filed, the plaintiff was domiciled in New Jersey. For this reason, diversity of citizenship jurisdiction did not exist at the time this action was filed. The Court declines to exercise supplemental jurisdiction over the remaining state law claims in this case. Therefore, the state law claims are **dismissed without prejudice** for lack of subject-matter jurisdiction.

All claims having been dismissed, the Clerk is directed to enter judgment dismissing this case. The federal claims are **dismissed with prejudice**. The state law claims are **dismissed without prejudice** for lack of subject-matter jurisdiction.

The Clerk is directed to close this case and to close all pending motions.

**SO ORDERED.**

**Dated:**     New York, New York
               **February 14, 2023**

/s/ John G. Koeltl
**John G. Koeltl
United States District Judge**

14