```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------

DR. J. DAVID GOLUB,

                    Plaintiff,          19-cv-10309 (JGK)

                                            **MEMORANDUM OPINION**
      - against -                  **AND ORDER**

BERDON LLP,

                    Defendant.

------------------------------------

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff, Dr. J. David Golub, brought this action against the defendant, Berdon LLP ("Berdon"), asserting causes of action under several federal statutes, including the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., as well as various state-law claims. The action arose out of Berdon's termination of the plaintiff's employment. In a series of decisions, this Court dismissed the plaintiff's federal claims, first without prejudice, see Golub v. Berdon LLP, No. 19-cv-10309, 2021 WL 637974, at *2-4 (S.D.N.Y. Feb. 17, 2021), and then with prejudice, after considering the allegations in the plaintiff's amended complaint, see Golub v. Berdon LLP, No. 19-cv-10309, 2022 WL 1228025, at *6 (S.D.N.Y. Apr. 26, 2022). On both occasions, the Court found that it could not ascertain

whether diversity jurisdiction existed with respect to the plaintiff's state-law claims. See 28 U.S.C. § 1332.

In October 2022, the Court held an evidentiary hearing to determine whether the state-law claims were within the Court's subject-matter jurisdiction based on diversity of citizenship. On the basis of the testimony elicited at the hearing, as well as the parties' exhibits, the Court found that complete diversity between the parties did not exist on November 4, 2019, the date on which this action was filed. See Golub v. Berdon LLP, No. 19-CV-10309, 2023 WL 1993323, at *1 (S.D.N.Y. Feb. 14, 2023) (the "February 14, 2023 Opinion"). Specifically, while the plaintiff alleged that he was domiciled in South Carolina when the action was commenced, the evidence established that the plaintiff was in fact "domiciled in New Jersey at the time this action was filed." Id. at *5. Because it was undisputed that the defendant was also a citizen of New Jersey (as well as New York), id. at *3, the plaintiff's domicile in New Jersey "defeat[ed] diversity of citizenship jurisdiction in this case," id. at *5.[1]

In a previous opinion, the Court had made clear that "[i]f there is no diversity of citizenship jurisdiction" with respect to the plaintiff's state-law claims, "the Court would decline to

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

exercise supplemental jurisdiction" over those claims pursuant to 28 U.S.C. § 1367 because all of the federal claims had been dismissed early in the proceedings. Golub, 2022 WL 1228025, at *5; see Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988))). Thus, upon concluding in the February 14, 2023 Opinion that "diversity of citizenship jurisdiction did not exist at the time this action was filed," this Court "decline[d] to exercise supplemental jurisdiction" over the state-law claims and dismissed those claims "without prejudice for lack of subject-matter jurisdiction." Feb. 14, 2023 Op., 2023 WL 1993323, at *5.

The Court entered judgment dismissing the plaintiff's federal claims with prejudice and his state-law claims without prejudice. Feb. 14, 2023 Judgment, ECF No. 132. The plaintiff appealed. ECF No. 136. On March 21, 2023, the Court of Appeals for the Second Circuit notified the plaintiff that, in light of a previous order requiring the plaintiff to seek leave to appeal, the appeal would be dismissed unless the plaintiff filed a motion requesting such leave. See Order, Doc. No. 11, No. 23-389 (2d Cir. March 21, 2023). The plaintiff filed a motion for leave to

appeal. On July 13, 2023, the Court of Appeals denied the motion for leave to appeal "because the appeal [did] not depart from [the plaintiff's] prior pattern of vexatious filings," and also because the plaintiff had not "paid [a] $1,500 sanction imposed on him" in connection with previous appeals. Order, Doc. No. 51, No. 23-389 (2d Cir. July 13, 2023). The mandate issued on that same day. See Doc. No. 52, No. 23-389 (2d Cir. July 13, 2023). Despite the prior rulings by the Court of Appeals, the plaintiff has filed a motion to recall the mandate, which is currently pending. See Doc. No. 65, No. 23-389 (2d Cir. Aug. 1, 2023).

On July 31, 2023, the plaintiff filed a motion for relief from this Court's February 14, 2023 judgment pursuant to Federal Rules of Civil procedure 59 and 60(b). See ECF No. 138. For the reasons set forth below, the motion is **denied.**

As a preliminary matter, the plaintiff's request for relief pursuant to Rule 59 is untimely.[2] However, the plaintiff makes the same arguments in support of his requests for relief under Rule 59 and Rule 60(b), without distinguishing between the two Rules. See Pl.'s Memo. of Law, ECF No. 138-1, at 19 (listing the

---

[2] A motion to alter or amend a judgment under Rule 59 "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In this case, judgment was entered on February 14, 2023, and the plaintiff filed his Rule 59 motion about five and a half months later, long after the 28-day deadline expired. In contrast, a Rule 60(b) motion for relief from a judgment must be made "within a reasonable time . . . after the entry of the judgment," capped at one year in the case of a motion under subsection (b)(1), (b)(2), or (b)(3). Fed. R. Civ. P. 60(c)(1).

same arguments as the basis for the plaintiff's "Rule 60(b)/59 motion"). Accordingly, the Court denies the request for relief under Rule 59 and considers the motion only under Rule 60(b).

"Rule 60(b) sets forth the grounds by which a court, in its discretion, can rescind or amend a final judgment or order." Minima v. N.Y.C. Dep't of Homeless Servs., No. 09-cv-1027, 2010 WL 176829, at *1 (S.D.N.Y. Jan. 19, 2010). Specifically, a court may "relieve" a party from a judgment or order based on any of the limited grounds set forth in subparagraphs (1) through (5) of Rule 60(b), or for "any other reason that justifies relief" pursuant to subparagraph (6).[3] Fed. R. Civ. P. 60(b). Because "[Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

To begin, the plaintiff's requested relief cannot be granted because this Court lacks jurisdiction over the Rule 60(b) motion. "'[T]he law of the case doctrine forecloses reconsideration of

---

[3] The specific grounds listed in subparagraphs (1) through (5) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 60(b)(1)-(5).

5

issues that were decided -- or that could have been decided -- during prior proceedings' in the same case." Manolis v. Brecher, 634 F. App'x 337, 338 (2d Cir. 2016) (quoting United States v. Williams, 475 F.3d 468, 471 (2d Cir. 2007)). Consistent with that doctrine, "a district court lacks jurisdiction to consider a Rule 60(b) motion in a case that has been reviewed on appeal unless the motion . . . is based on 'later events' or a 'change in circumstances' not previously considered by the appellate court." Id. (quoting DeWeerth v. Baldinger, 38 F.3d 1266, 1270-71 (2d Cir. 1994)); Sankara v. City of New York, No. 15-cv-6928, 2020 WL 1957412, at *1 (S.D.N.Y. Apr. 23, 2020).

In this case, the plaintiff's Rule 60(b) motion fails to identify any later events or changed circumstances that were not presented to the Second Circuit Court of Appeals. To the contrary, the Rule 60(b) motion relies on legal and factual arguments that were available to the plaintiff before his appeal from the final judgment; indeed, the plaintiff made many of the same arguments in his appellate papers. Because the plaintiff's Rule 60(b) motion is not based on any changed circumstances postdating the plaintiff's appeal, the Court lacks jurisdiction over the motion. See, e.g., Tenzin v. U.S. Post Off., No. 22-cv-9141, 2023 WL 3945610, at *1 (S.D.N.Y. June 12, 2023) (district court lacked jurisdiction over Rule 60(b) motion where movant's earlier appeal was "dismissed as frivolous" and Rule 60(b) motion did not raise "newly discovered

6

evidence or later events"); Nichols v. Brown, No. 09-cv-6825, 2013 WL 1703577, at *3 (S.D.N.Y. Apr. 19, 2013) (district court lacked jurisdiction over Rule 60(b) motion where movant relied only on "law [that] . . . pre-existed the filing of his notice of appeal," and where "addressing [the] motion following the dismissal of [the] appeal" raised "serious questions" about "offend[ing] the notion of finality"); cf. Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979) ("[A] Rule 60 motion cannot be used as a substitute for appeal.").

In any event, it is plain that the plaintiff's Rule 60(b) motion would fail on the merits. This case does not involve any extraordinary circumstances that would warrant Rule 60(b) relief. The plaintiff has failed to establish any mistake, neglect, newly discovered evidence, fraud, or other possible ground for relief under Rule 60(b)(1) through (b)(5). Moreover, the plaintiff has not identified "any other reason" that would justify granting the Rule 60(b) motion pursuant to Rule 60(b)(6). Fed. R. Civ. P. 60(b)(6). Instead, the plaintiff devotes the motion to rehashing his legal and factual arguments in connection with his dismissed claims, and to making the unfounded assertion that the Court's dismissal of those claims was "unconstitutional." ECF No. 138. The Second Circuit Court of Appeals and district courts within this Circuit "routinely find[]" that Rule 60(b) motions "that simply seek to relitigate all issues presented in an action or

7

argue that the district court's decisions were wrong are not sufficiently 'extraordinary' to warrant relief." Dolan v. Select Portfolio Servicing, Inc., No. 03-cv-3285, 2017 WL 4357336, at *8 (E.D.N.Y. Sept. 29, 2017) (collecting cases), aff'd sub nom. Dolan v. Fairbanks Cap. Corp., 786 F. App'x 318 (2d Cir. 2019); Vazquez v. Dollar Gen. Corp., No. 21-cv-330, 2022 WL 279560, at *1-2 (N.D.N.Y. Jan. 31, 2022) (same). Accordingly, the plaintiff has not demonstrated any basis to grant relief from the February 14, 2023 judgment pursuant to Rule 60(b).

Because this case remains closed, the Court will not accept any further submissions in this case. If the plaintiff continues to make filings in violation of this instruction, those filings will be stricken from the docket. The Clerk of Court and the Pro Se Intake Office are directed not to docket any further filings from the plaintiff in this action, No. 19-cv-10309, and instead to return any such filings to the sender.

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion for relief from this Court's judgment pursuant to Federal Rules of Civil Procedure 59 and 60(b) is **denied.**

The Clerk of Court is respectfully is directed to close the motion at ECF No. 138.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **August 8, 2023**

                                                _____
                                                John G. Koeltl
                                            **United States District Judge**